No. 24-1390

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

ERIC COOMER, PH.D.,
                                                 Plaintiff-Appellee

vs.

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW, et al.,
                                                 Defendants

JOSEPH OLTMANN,
                                                 Nonparty-Appellant

**APPELLEE'S MOTION FOR EXPEDITED APPEAL
PURSUANT TO TENTH CIRCUIT RULE 27.5**

Appellee Eric Coomer, Ph.D. (Dr. Coomer) files this Motion for Expedited Appeal pursuant to Tenth Circuit Rule 27.5 as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to Tenth Circuit Rule 27.1, counsel for Appellee conferred with counsel for nonparty Appellant on the relief requested. Appellant opposes the relief requested in this Motion. Further, counsel for Appellee conferred with counsel for Defendants. Defendants do not oppose the relief requested in this Motion.

**I.    SUMMARY**

1.    This interlocutory appeal should be expedited to allow the underlying case to proceed.

2. Nonparty Joseph Oltmann fled the federal district court to avoid giving court-ordered testimony. Magistrate Judge Starnella issued a contempt recommendation. **Ex A**, [Dkt. 144]. District Judge Martinez adopted the majority of Judge Starnella's recommendation and overruled the nonparty's limited objections to the order. **Ex. B**, [Dkt. 168]. The nonparty has not paid the per diem fine imposed and cannot pay the attorney fees and costs that were ordered until the district court determines the amount.

3. Judge Martinez was set to hold a show cause hearing on Wednesday October 9, 2024, but determined that the filing of the Notice of Appeal on October 4, 2024, divested the court of jurisdiction. **Ex C**, [Dkt. 205].

4. The nonparty has been delaying this and various other related proceedings for nearly four years. He has been repeatedly sanctioned by the Denver District Court and the Colorado Court of Appeals for this dilatory, vexatious conduct. **Exs. D-G**. Dr. Coomer filed this lawsuit nearly three years ago, but discovery has been delayed on multiple occasions by the nonparty's conduct, and discovery is currently set to close in this matter on October 24, 2024.

5. This appeal was filed for dilatory purposes. It is frivolous. Good cause warrants expeditious review and resolution.

## II.     RELEVANT PROCEDURAL BACKGROUND

6. On December 20, 2020, Dr. Coomer, former Director of Strategy and Security for Dominion Voting Systems, filed related proceeding *Coomer v. Donald J. Trump for President, Inc. et. al*. in the Denver District Court. The nonparty and two of his related entities are named Defendants in that proceeding. That case, like this one, arises

from the nonparty's false claims that he supposedly "infiltrated an antifa conference call" that he heard someone named "Eric" on that call claim to have rigged the 2020 presidential election. The nonparty subsequently extrapolated from a Google search that the anonymous "Eric" was Dr. Coomer. He then somehow gained access to Dr. Coomer's private Facebook account, and claimed that some of Dr. Coomer's social media posts supported his claims that Dr. Coomer had allegedly rigged the election.

7. The nonparty has and continues to refuse to disclose the key circumstances surrounding his "antifa call" story and access to Dr. Coomer's Facebook account.

8. On July 7, 2021, the Denver District Court held a hearing on the nonparty's assertion of Colorado's Reporter's Privilege pursuant to C.R.S. § 13-90-119. The Court determined that the nonparty's testimony was "evasive and not credible" and that his story was "probably false." **Ex. H**, at 90:22-91:7. The Court ordered the nonparty to disclose the identity of the conduit that supposedly provided access to the alleged "antifa call." **Ex. I**.

9. On August 27, 2021, the Denver District Court also ordered the nonparty to disclose the identity of the individual who gave him access to Dr. Coomer's private Facebook account. **Ex. J**, at 39:24-41:12.

10. The nonparty violated both of these Orders and was repeatedly sanctioned for his discovery obstruction. *See* **Exs**. **D, E, G**. The Colorado Court of Appeals then sanctioned the nonparty for filing an interlocutory appeal of those sanctions orders. **Ex. F**. That proceeding remains stayed nearly four years later on account, in part, of the nonparty's current effort to petition the Colorado Supreme Court for certiorari in an effort to overturn

the Colorado Court of Appeals Opinion affirming the Denver District Court's Denial of the nonparty's anti-SLAPP Motion to Dismiss.

11. This case was filed on December 22, 2021.

12. The District Court denied Defendants' anti-SLAPP Motion to Dismiss on March 7, 2023. Defendants then filed an interlocutory appeal of that Order on March 23, 2023.

13. The Tenth Circuit denied Defendants' Motion to Stay the underlying proceeding on June 20, 2023. **Ex. K**.

14. On January 29, 2024, Dr. Coomer issued a Subpoena and Notice of Intent to Take Oral and Video Deposition of Joseph Oltmann, which was served on the nonparty at his residence in Colorado on February 1, 2024. **Ex. L**.

15. On February 26, 2024, the nonparty filed an Objection to Subpoena and Motion for Protective Order. **Ex. M**, [Dkt. 114]. Dr. Coomer filed a Response to Non-Party Oltmann's Objection to Subpoena and Motion for Protective Order on March 5, 2024, and the nonparty filed a Reply on March 26, 2024. **Exs. N, O**, [Dkts. 116, 122].

16. On April 8, 2024, the Court held a hearing on the nonparty's Objections and issued various Orders. *See* **Ex. P**, [Dkt. 127]. Those orders include, as relevant here, an Order that the nonparty appear in the federal district courthouse for his deposition, that he produce responsive documents within his custody and control, and that he answer questions regarding the identities of various anonymous third parties. *Id.* These orders largely mirrored the similar orders issued by the Denver District Court nearly three years prior, of which the nonparty remains in default.

17. On June 6, 2024, the nonparty appeared for his deposition at the courthouse. He refused to provide the Court-ordered testimony and fled the deposition while counsel for the parties was discussing his obstruction with Magistrate Judge Starnella in her chambers. The Court held a contempt hearing that same day. The nonparty returned to his residence in Douglas County, where he published a podcast affirming his knowledge of the Court's Orders, his familiarity with the consequences for violating them, and his determination to not comply.

18. Magistrate Judge Starnella issued a contempt Recommendation on June 14, 2024. *See* **Ex. A**. Those recommendations included an award of fees and costs against the nonparty, as well as a daily coercive fine of $300.00, until the nonparty purged the contempt.

19. On June 28, 2024, the nonparty filed Objections to Judge Starnella's Recommendations. **Ex. Q**, [Dkt. 148]. The Objections challenged two immaterial factual findings regarding a conferral period on the day of the nonparty's deposition and the nonparty's violent rhetoric. *Id.* It also challenged the nonparty's noncompliance with the production of various documents. *Id.* The Objections did not challenge the fine imposed, the fee award, and the finding that the nonparty fled the courthouse in lieu of providing court-ordered testimony. *See id.* The Objection also did not assert the existence of any privilege to excuse noncompliance. *See id.*

20. Judge Martinez issued an Order that adopted and slightly modified Magistrate Judge Starnella's Recommendations on September 4, 2024. *See* **Ex. B**. The Order compelled the nonparty to identify the individual(s) who supposedly got him on the

5

"antifa call" and the individual(s) who got him access to Dr. Coomer's Facebook account. It also ordered the nonparty to pay $1,000.00/day until he complies with the Order, and similarly compelled him to pay the parties fees and costs associated with his discovery obstruction at his deposition.

21. In the days thereafter, the nonparty published various podcasts wherein he swore to never abide by the Court's Order. He similarly set up a fundraiser (apparently through his daughter) to crowd fund the payment of his daily sanctions. **Ex. R**, [Dkt. 181 at ¶ 8].

22. On September 17, 2024, Dr. Coomer filed Plaintiff's Motion for Attorney Fees and Costs to liquidate the amounts awarded in the Order. **Ex. S**, [Dkt. 170]. In light of the nonparty's public refusal to comply, Dr. Coomer similarly filed a Motion to Show Cause on September 26, 2024. **Ex. R**, [Dkt. 181]. The nonparty filed a Response on October 2, 2024, and Dr. Coomer filed his Reply on October 3, 2024. **Exs. T, U**, [Dkts. 188, 189].

23. On October 3, 2024, having not yet heard evidence regarding the nonparty's compliance with the non-dispositive Order, the Court issued an Order to Show Cause and set the matter for hearing on October 9, 2024. *See* **Ex. V**, [Dkt. 191]. The district court overruled nonparty's attempt to assert the Reporter's Privilege because it had not been raised as an objection to the magistrate judge's recommendation. The Court further ordered the nonparty to appear in person at the October 9, 2024 hearing. **Exs. W, X**, [Dkts. 192, 193].

24. The following day, the nonparty filed his Notice of Appeal of the Court's Order Overruling Joseph Oltmann's Objections and Adopting as Modified the Magistrate Judge's Recommendation. After filing the Notice of Appeal, the nonparty filed Non-Party Joseph Oltmann's Response to Plaintiff's Motion for Attorney's Fees and Costs. **Ex. Y**, [Dkt. 199]. The notice was also filed prior to the court-ordered deadline to file a Reply in support of his Motion for Attorney Fees and Costs.

25. The fine, attorney fees, and costs awarded under the Order remain unliquidated and the district court had not yet considered additional coercive sanctions.

26. The Court requested briefing on whether the Notice of Appeal divested it of jurisdiction to proceed with the scheduled Show Cause hearing on October 9 2024. **Ex. Z**, [Dkt. 196]. On October 7, 2024, Dr. Coomer filed his brief in support of the Court's ongoing jurisdiction. **Ex. AA**, [Dkt. 200]. The nonparty filed his Response on October 8, 2024. **Ex. BB**, [Dkt. 203]. That same day, the Court issued an Order Vacating Evidentiary Hearing on Order to Show Cause and Staying Order of Contempt, wherein it noted that "Oltmann's appeal is unlikely to be successful." **Ex. C**. Nonetheless, the District Court determined that the nonparty's appeal had divested the District Court of jurisdiction to proceed.

### III.     ARGUMENT

**A.     Legal Standard.**

27. When an appellant is required to file an appendix, the appellant's brief and appendix must be filed within forty days after the date the district court clerk (as required

by 10th Cir. R. 11.1) notifies the parties and the circuit clerk that the record is complete for purposes of appeal. 10th Cir. R. 31.1(A)(1).

28. Subject to review by the Court, the Clerk is authorized to expedite cases. 10th Cir. R. 27.5. On its own or a party's motion, the Court may—to expedite its decision or for other good cause shown—suspend any provision of the Federal Rules of Appellate Procedure in a particular case and order proceedings as it directs. FED. R. APP. P. 2(A).

**B.    Good Cause Exists to Expedite Resolution of this Appeal.**

*i.    Delay will prejudice the parties.*

29. This case was filed nearly three years ago, and the lies at issue in the underlying dispute continue to give rise to threats and harassment to Dr. Coomer to this day. The nonparty's appeal could serve to substantially delay resolution of the underlying dispute, which has already undergone one interlocutory appeal. Currently, the discovery cut-off date is set for October 24, 2024.

*ii.    The Tenth Circuit is already familiar with the underlying case.*

30. As noted above, the Tenth Circuit has already heard and rejected one interlocutory appeal filed by Defendants. *See Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320 (10th Cir. 2024). Briefing of that appeal included substantial discussion of the merits, including and especially with respect to the claims made by the nonparty, who is an important witness in this case. In that appeal, the Court determined that it lacked jurisdiction to hear the appeal and remanded the case to the District Court for further proceedings. As a result, the Court will not require substantial time to apprise itself of the facts at issue.

### *iii.   The record is not complex.*

31.    The nonparty's appeal is not complex. It arises from largely undisputed facts, relatively few pleadings, and a limited number of legal questions. As such, the Court can resolve the arguments at issue in an expeditious manner.

### *iv.   The District Court already determined that the nonparty has waived most if not all possible arguments on appeal.*

32.    The limited number of questions at issue is reflected in the District Court's Orders noting that the nonparty has already waived most, if not all, potential arguments on appeal. *See* **Ex. C**, p. 8.

33.    The Tenth Circuit has adopted a firm waiver rule under which a party who "fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *FTC v. Zurixx LLC,* 2023 WL 2733500 at *6 (10th Cir. 2023), *citing Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (we do not apply this rule "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review.").

34.    The nonparty had fourteen days to object to the magistrate judge's order imposing a *per diem* fine and awarding fees. *See* FED. R. CIV. P. 72, Order to Show Cause. **Ex. W**, [Dkt. 191]. As the Court noted in the Order, the nonparty's Objections (**Ex. R**, [Dkt. 148]) did "not dispute the material facts certified in the Recommendation, nor [did]

he ask for an evidentiary hearing." *Id.* at p. 10.[1]  This was further noted in the Order to Show Cause.  **Ex. W**, [Dkt. 191].

35. In fact, the nonparty did not even refer to the award of attorney fees and costs, the *per diem* sanction, the assertion of any privilege, or any of the facts supporting a finding of contempt.  As a result, the appellate review is limited by the scope of the waiver.  Any delay occasioned by appeal of an Order which is not subject to appellate review in the first place will serve only to exacerbate the prejudice to the parties, and to reward this latest instance of obstruction by the nonparty.

  *v.*  *The non-party has a history of dilatory discovery obstruction.*

36. As noted above, the nonparty has been obstructing discovery in this and related proceedings for years.  *See* **Exs. D-G**.  The nonparty's false claims are the origin of the Dominion Voting Systems conspiracy theory, which in addition to giving rise to litigation across the country, also gave rise to the attack on the U.S. Capitol on January 6, 2021.  The nonparty's efforts to conceal the basis for his false claims have resulted in multiple sanctions orders from multiple district and appellate courts.  This appeal is more of the same, and the Court should not give the nonparty the benefit of the doubt by assuming otherwise.  Quickly disposing of frivolous, dilatory appeals is in the interest not

---

[1] The nonparty did dispute a finding that he had not produced responsive documents, but this issue is derivative of the wider concerns over the identities of the individuals in question and cannot be confirmed absent those disclosures.  For purposes of this Motion, Appellee waives the document production requirement.

only of the parties to this dispute, but also to other litigants with meritorious disputes more deserving of this Court's time and attention.

### vi.     Resolution of this appeal will assist in resolution of multiple other lawsuits.

37.     The lies at issue here have given rise to numerous lawsuits across the country. Dr. Coomer has filed five of those lawsuits,[2] two of which are currently pending in the District Court of Colorado. In every one of those cases, the discovery sought here is an essential element of Dr. Coomer's claims. As a result, he will necessarily continue to seek that discovery, either directly against the nonparty as a defendant, or indirectly through the nonparty as a third party. This Court has the power to end the cycle of discovery abuse that has dragged all of this litigation out for years longer than necessary. And it has the power to close a chapter of recent American history that has caused deep societal divisions and unnecessary conflict. The Court should take that opportunity and expedite resolution of this appeal accordingly.

## IV.    CONCLUSION

For all of the reasons stated herein, Eric Coomer, Ph.D. respectfully requests the Court establish an expedited schedule that will allow for timely resolution of the nonparty's appeal.

---

[2] *See also, Coomer v. Donald J. Trump for President, Inc. et. al.*, Case No. 2020CV34319 (Denver Dist. Ct., Dec. 20, 2020); *Coomer v. Salem Media of Colorado, Inc. et. al.*, Case No. 2021CV33632 (Denver Dist. Ct., Nov. 14, 2021); *Coomer v. Lindell et. al.*, Case No. 1-22-cv-01129-NYW-SBP (Dist. Ct. Colo. 2022); *Coomer v. Byrne et. al.*, Case No. 8-24-cv-00008-TPB-SPF (M.D. Fla. 2022).

Respectfully submitted this 18th day of October 2024.

       */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011—Facsimile

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
**RECHTKORNFELD PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR APPELLEE
ERIC COOMER, Ph.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, a true and correct copy of the foregoing Motion was filed with the Court using the CM/ECF Filing System which will send notification of such filing to:

> Mark A. Sares, No. 19070
> msares@hkjp.com
> **HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.**
> 10333 E. Dry Creek Road, Suite 300
> Englewood, Colorado 80112
> **Counsel for Nonparty-Appellant Joseph Oltmann**
>
> Thomas B. Quinn
> tquinn@grsm.com
> Melissa Wiese
> mwiese@grsm.com
> **GORDON REES SCULLY MANSUKHANI, LLP**
> 555 Seventeenth Street, Suite 3400
> Denver, Colorado 80202
> **Counsel for Defendants**

*/s/ Charles J. Cain*
Charles J. Cain, No. 51020
