UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

No. 24-1390

ERIC COOMER, Ph.D.

v.

MAKE YOUR LIFE EPIC, LLC, et al.

JOSEPH OLTMANN,
*Nonparty-Appellant*

**NONPARTY-APPELLANT'S RESPONSE TO APPELLEE'S RENEWED MOTION FOR EXPEDITED APPEAL PURSUANT TO TENTH CIRCUIT RULE 27.5**

Nonparty-Appellant Joseph Oltmann ("Oltmann"), through undersigned counsel, respectfully submits his *Response to Appellee's Motion for Expedited Appeal Pursuant to Tenth Circuit Rule 27.5* as follows:

1. Appellee ("Coomer") slightly mischaracterizes Rule 27.5 when he states that, "subject to review by the Court, the Clerk is authorized to expedite cases." Rule 27.5(B) states that, "If any motion for relief listed in 27.5(A) is opposed, the Clerk will submit the matter to the court." There is, of course, no question that the Court has authority to make this determination.

2. Coomer offers information regarding service of process in another trial matter which is irrelevant to the timing or merits of Oltmann's appeal.

3. Coomer, with his seemingly unlimited resources, including 2 law firms and at least 5 lawyers, argues in virtually every motion and brief as though his legal claims have been proven. He also argues repeatedly that the allegations against him are false or, at the very least, that those

who have or continue to discuss them do so knowing they are false. No jury has made that determination.

4. Coomer claims urgency for the resolution of this appeal. He cites as good cause two upcoming trial dates: one in the instant matter (September 8-19, 2025) and the other in a different proceeding (June 2-13, 2025), and public statements by Oltmann.

5. Oltmann has been deposed and testified in this and other proceedings involving Coomer. His testimony is known. In each he has refused to disclose the confidential sources sought by Coomer.

6. Oltmann is a public speaker and broadcaster. His belief that Coomer and any others involved in facilitating or covering up election fraud should be brought to justice is also well known.

7. Oltmann's appeal will determine whether he is protected by the newsperson's privilege or is to suffer a financial penalty and the loss of his freedom for protecting his sources. There is no evidence to support that losing his appeal will cause his testimony to change or that he will disclose his confidential sources.

8. Nor is there evidence to support that losing his appeal will silence Oltmann in any way, shape, or form.

9. As a result, there is no argument that supports expediting the Court's normal timeline and procedures other that Coomer's desire to attempt to silence Oltmann and/or see him punished as quickly as possible.

10. This Court has already determined that there will be no oral argument. As a result, the briefing as submitted can and should be resolved in due course under the usual procedures of

this Court. The issues presented implicate broad principles of judicial fairness and individual rights require deliberation, not haste.

11. Expedited cases are reserved for extraordinary circumstances, such as imminent irreparable harm or public emergencies as reflected in Fed. R. App. P. 2(b), not routine litigation scheduling or well-known rhetoric. Coomer's motion does not reach this high bar. He has not demonstrated good cause for expediting this appeal.

WHEREFORE, Nonparty Oltmann respectfully requests this Court deny *Appellee's Motion for Expedited Appeal Pursuant to Tenth Circuit Rule 27.5* and for any and such further relief as the Court deems proper and just.

Respectfully submitted April 3rd, 2025.

/s/ Randy B. Corporon
Law Offices of Randy B. Corporon, P.C.
5445 DTC Parkway, Suite 825
Greenwood Village, CO 80111
**ATTORNEY FOR NON-PARTY JOSEPH OLTMANN**

## **CERTIFICATE OF SERVICE**

I certify that, on April 3rd, 2025, a true and correct copy of *Nonparty-Appellant's Response to Appellee's Motion for Expedited Appeal Pursuant to Tenth Circuit Rule 27.5* was filed with the Court using the CM/ECF Filing System which will send notification of such filing to:

| | |
|---|---|
| Brad Kloewer, Esquire<br>Charlie Cain, Esquire<br>Steve Skarnulis, Esquire<br>Cain and Skarnulis, PPLC<br>P.O. Box 1064<br>Salida, Colorado 81201<br>Telephone: (719) 530-3011<br>Attorneys for Plaintiff | (X) by CM/ECF System<br>( ) by First Class U.S. Mail<br>(X) by designated email to: bkloewer@cstrial.com<br>ccain@cstrial.com |
| Thomas J. Rogers, III, Esquire<br>David M. Beller, Esquire<br>RechtKornfeld PC<br>1600 Stout Street, Suite 1400<br>Denver, Colorado 80202<br>Telephone: (303) 573-1900<br>Attorneys for Plaintiff | (X) by CM/ECF System<br>( ) by First Class U.S. Mail<br>(X) by designated email to: trey@rklawpc.com<br>david@rklawpc.com<br>( ) By Facsimile Transmission to _____ |
| Thomas Baker Quinn, Esquire<br>Melissa Ann Wiese, Esquire<br>John Rodger Mann, Esquire<br>Gordon Rees Scully Mansukhani LLP<br>555 17th Street, Suite 3400<br>Denver, CO 80202<br>303-534-5160<br>Attorneys for Make Your Life Epic LLC, Reopen American LLC, and Clayton Thomas Clark | (X) by CM/ECF System<br>( ) by First Class U.S. Mail<br>(X) by designated email to tquinn@grsm.com<br>mwiese@grsm.com<br>jmann@grsm.com<br>( ) By Facsimile Transmission to _____ |

Original signature on file at the Law Office of Randy B. Corporon, P.C.

/s/ Lacey Kalkwarf
Lacey Kalkwarf, Paralegal